**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **KERRI COPPOCK f/k/a KERRI** | § | |
| **LYNN HARBOUR AND JASON D.** | § | |
| **DUPCHAK II** | § | |
|     **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **DOUG'S CORNER, INC.** | § | |
|     **Defendant.** | § | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT WITH JURY DEMAND**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiffs Kerri Coppock f/k/a Kerri Lynn Harbour and Jason D Dupchak II ("Plaintiffs"), complaining of Doug's Corner, Inc. ("Defendant") and files this their Original Complaint and Jury Demand, and for their claims and causes of action would respectfully show the Court as follows:

**I.**      **PARTIES**

1.    Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour is a resident of the State of Arkansas.

2.    Plaintiff Jason D Dupchak II is a resident of the State of Arkansas.

3.    Defendant Doug's Corner, Inc. (hereinafter "Doug's Corner") at all times relevant was a corporation existing under the laws of the State of Texas with its principal place of business located at 20233 US-377 Whitesboro, Texas 76273. Doug's Corner advertised, distributed and sold Textron products, including the 2006 E-Z-Go TXT Golf Cart and the updated features to the golf cart at issue in this case that caused catastrophic injury to Plaintiff

1

Jason D. Dupchak II.

## II.  VENUE AND JURISDICTION

4.    This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 because there is complete diversity between the parties. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

**III.**    The Court has personal jurisdiction over the Defendant Doug's Corner and venue is appropriate in this action pursuant to 28 U.S.C. § 1391, as Defendant Doug's Corner regularly conducts business in the State of Texas and in this District. **FACTUAL BACKGROUND**

5.    On August 2, 2016, Brooke Dupchak dropped Plaintiff Jason D. Dupchak II off at the neighborhood of Mallard Meadows Phase 3 Subdivision, to visit friends Weston Hoover and Claire Maycunich.

6.    Weston Hoover's family owned the subject 2006 E-Z-GO TXT Cart. The 2006 E-Z-GO TXT Cart including the update features at issue in this case is pictured below:



7.      On August 2, 2016, Claire Maycunich invited the Plaintiff and Weston Hoover to her house.

8.      The prior night, Claire Maycunich and her stepsister Allison Andeline had a sleepover and invited Abby Bobbitt and Tori Robb to stay with them.

9.      Plaintiff Jason D. Dupchak II and Weston Hoover were on the subject E-Z-GO TXT Cart when they met up with Claire Maycunich, Abby Bobbitt, and Tori Robb on August 2, 2016.

10.     Plaintiff Jason D. Dupchak II, Weston Hoover, Claire Maycunich, Abby Bobbitt, and Tori Robb all rode on the subject E-Z-GO TXT Cart around the neighborhood.

11.     Abby Bobbit needed to use the restroom and Plaintiff Jason D. Dupchak II, Weston Hoover, Claire Maycunich, Abby Bobbitt, and Tori Robb rode the subject E-Z-GO TXT Cart to Claire's home. Abby Bobbit exited the subject E-Z-GO TXT Cart at the front of Claire's home. The front of the home is pictured below:



12.     After Abby Bobbitt exited the Cart, Plaintiff Jason D. Dupchak II, Weston

Hoover, Claire Maycunich, and Tori Robb rode in the subject E-Z-GO TXT Cart to the back of Claire's home at 57 N Merganser Ct.

13.     For the trip from the front of Claire's home to the back of Claire's home, the Plaintiff Jason D. Dupchak II drove, Claire Maycunich rode in the middle front seat, Tori Robb rode in the right front seat, and Weston Hoover rode in the back seat.

14.     The back yard has a retaining wall as depicted below:



15.     Plaintiff Jason D. Dupchak II drove the subject 2006 E-Z-GO TXT Cart parallel along the retaining wall but many feet away it until they reached a hole or a divot in the back yard.

16.     To avoid the hole or divot, Plaintiff Jason D. Dupchak II turned the subject 2006 E-Z-GO TXT Cart.

17.     Due to handling and stability defects, as Plaintiff Jason D. Dupchak II tried to turn the subject 2006 E-Z-GO TXT Cart back to the right, he was unable to turn the Cart.

18.     The subject 2006 E-Z-GO TXT Cart crashed over the retaining wall.

19.     Plaintiff Jason D. Dupchak II, Claire Maycunich, and Tori Robb were still inside the subject 2006 E-Z-GO TXT Cart when it crashed over the retaining wall.

20.     The incident and crash produced serious, life-altering, and catastrophic injuries to Plaintiff Jason D. Dupchak II, including but not limited to, quadriplegia at C5-C7 complete, cervicalgia, muscle weakness, muscle spasms, neuromuscular dysfunction of the bladder, neurogenic bowel, neuralgia and neuritis, urinary tract infections, and chronic cystitis without hematuria.

## 2006 E-Z-GO TXT CART

21.     The Cart at issue is a 2006 E-Z-GO TXT Cart supplied to Defendant Doug's Corner by Textron, Inc. d/b/a EZ-GO ("Textron").

22.     The subject E-Z-Go TXT Cart had at least four (4) upgraded features, including:

   a.   Textron's Premium 4" E-Z-GO TXT lift kit, which was designed, manufactured, and supplied to Defendant Doug's Corner by Textron;

   b.   Textron's E-Z-GO Convertible (Flip-Flop) Seat Carrier Kit, which was designed, manufactured, and supplied to Defendant Doug's Corner by Textron;

   c.   Four Excel Tire & Wheel Desert Fox tires, which were designed, manufactured, and supplied by Excel Tire & Wheels to Defendant Doug's Corner and then installed and incorporated by Defendant Doug's Corner; and

   d.   Four Excel Tire & Wheel E103 Belt wheels (rims), which were designed, manufactured, and supplied by Excel Tire & Wheels to Defendant Doug's Corner and then installed and incorporated by Defendant Doug's Corner.

23.     Below is a picture of Textron's Premium 4" E-Z-GO TXT lift kit that was manufactured, designed, and supplied by Textron to Defendant Doug's Corner and was installed and incorporated into the subject 2006 E-Z-GO TXT Cart by Doug's Corner:



24.     Per Textron's website, "[y]ou will also be able to take your TXT off the beaten path to discover those **off-road trails** you have had your eye on" (emphasis added).

25.     Below is a picture of the E-Z-GO Convertible (Flip-Flop) Seat Carrier Kit that was manufactured, designed, and supplied by Textron to Defendant Doug's Corner and was installed and incorporated into the subject 2006 E-Z-GO TXT Cart by Doug's Corner:



26.    Per Textron's website, the E-Z-GO Convertible (Flip-Flop) Seat Carrier Kit allows it to easily convert the original 2-Passenger vehicle into a vehicle to carry multiple passengers.

27.    Upon information and belief, Defendant Doug's Corner was aware of these features at all times relevant to this lawsuit.

28.    Below is a picture of the Desert Fox tire that was supplied by Excel Tire & Wheel to Defendant Doug's Corner and was installed and incorporated into the subject 2006 E-Z-GO TXT Cart by Defendant Doug's Corner:



29.    Below is a picture of the E103 Belt wheel (rim) that was manufactured, designed, and supplied by Excel Tire & Wheel to Defendant Doug's Corner and was installed and incorporated into the subject 2006 E-Z-GO TXT Cart by Defendant Doug's Corner:



30.    The above referenced additions to the 2006 E-Z-GO TXT golf cart in the preceding paragraphs shall hereinafter be referred to as the "Upgrades", the "2006 E-Z-GO TXT Upgraded Cart" or just the "Upgraded Car"

## DOUG'S CORNER

31.    Defendant Doug's Corner holds itself out as an authorized Textron E-Z-GO dealer to the public.

32.    Defendant Doug's Corner routinely buys Textron's products, such as E- Z-GO TXT Carts, lift kits, and convertible seats.

33.    Upon information and belief, Defendant Doug's Corner engages in continuous, systematic behavior in the State of Texas and Doug's Corner continually conducts business in Texas.

34.    Defendant Doug's Corner has directed actions specifically towards the State of Texas during its continuous and systematic business conducted throughout the entire Eastern District of Texas and surrounding states, including the State of Arkansas.

35.     Defendant Doug's Corner continuously advertises, markets, distributes and sells Textron products, including E-Z-GO TXT Carts, lift kits, and convertible seats and derives substantial profit from its business due to its transactions throughout the entire Eastern District of Texas and surrounding states, including the State of Arkansas.

36.     Upon information and belief, Defendant Doug's Corner sold the subject 2006 E-Z-GO TXT as originally designed to a golf course to be used as originally intended as a golf cart.

37.     Upon Information and belief, on some unspecified later date, Defendant Doug's Corner regained possession of the same 2006 E-Z-Go TXT cart and made the subsequent Upgrades referenced above.

38.     Upon information and belief at some point in time prior to August 2, 2016, Doug's Corner then resold the Upgraded Cart to the Hoover family.

39.     The 2006 E-Z-GO TXT Upgraded Cart as resold by Doug's Corner included the following features.

40.     The upgraded features raised the center of gravity of the subject 2006 E-Z-GO TXT Upgraded Cart, rendering the product unsafe and unreasonably dangerous to the average user.

41.     The upgraded features changed the handling and stability of the subject 2006 E-Z-GO TXT Upgraded Cart, rendering the product unsafe and unreasonably dangerous to the average user.

42.     The subject 2006 E-Z-GO TXT Cart, both before and after the upgraded features, had no independent suspension, rendering the product unsafe and unreasonably dangerous to the average user.

9

43.     The subject 2006 E-Z-GO TXT Upgraded Cart, both before and after the upgraded features, had no seat belts, rendering the product unsafe and unreasonably dangerous to the average user.

44.     The subject 2006 E-Z-GO TXT Upgraded Cart, both before and after the upgraded features, had no roll bar, rendering the product unsafe and unreasonably dangerous to the average user.

45.     The subject 2006 E-Z-GO TXT Upgraded Cart, both before and after the upgraded features, had no doors, rendering the product unsafe and unreasonably dangerous to the average user.

46.     The subject 2006 E-Z-GO TXT Upgraded Cart, both before and after the upgraded features, had no webbing, rendering the product unsafe and unreasonably dangerous to the average user.

47.     The subject 2006 E-Z-GO TXT Upgraded Cart both before and after the upgraded features had no features to keep occupants from falling out of the Cart, rendering the product unsafe and unreasonably dangerous to the average user.

48.     The subject 2006 E-Z-GO TXT Upgraded Cart and lift kit were defective and unreasonably dangerous when it was sold by Defendant Doug's Corner.

49.     The subject 2006 E-Z-GO TXT Cart, following the incorporation of its upgraded features, contained manufacturing and design defects that rendered it unreasonably dangerous to the ultimate users operating the golf Cart.

50.     Installing the lift-kit Defendant Doug's Corner upgraded the 2006 E-Z-Go TXT Cart at issue was a substantial causal factor in producing Plaintiffs' injuries.

51.     Pleading in the alternative, upon information and belief, Defendant Doug's Corner exercised substantial control over the content of warnings and/or instructions that accompanied the 2006 E-Z-GO TXT; the warnings and/or instructions were inadequate to provide notice to a reasonable user of the risk of harm associated with common use; and the Plaintiffs' harm resulted from the inadequacy of the warnings, specifically, its propensity to roll-over due to its increased center of gravity.

52.     Pleading in the alternative, upon information and belief, Defendant Doug's Corner made express factual representations about the 2006 E-Z-GO TXT such that a reasonable person would have relied upon them. Specifically, but not limited to: safety, efficacy, and stability of the product during use for which a reasonable operator would be expected to use the Golf Cart. Defendant Doug's Corner knew the representations were incorrect; Plaintiffs relied on the representations of Defendant Doug's Corner in using the product; and Plaintiffs' harm would not have resulted if the 2006 E-Z-GO TXT Cart operated as represented.

53.     Pleading in the alternative, upon information and belief, Defendant Doug's Corner had actual knowledge of the hazardous stability, handling, and control issues of the 2006 E-Z-GO TXT Cart following the installation of the lift-kit at the time it was sold to Plaintiffs and Plaintiffs' harm resulted from the defect to which Defendant Doug's Corner had actual knowledge.

54.     Upon information and belief, Defendant Doug's Corner altered the 2006 E-Z-GO TXT Cart, such that it produced stability, handling, and control issues which created a higher likelihood to overturn during normal operation of its intended use. Upon information and belief, Defendant Doug's Corner knew about the dangers associated with the altered product but chose not to install and/or incorporate features which would protect the passengers in the instance the

11

2006 E-Z-GO TXT Cart overturned.

55.     Defendant Doug's Corner markets, advertises, and holds out to the public that E-Z-GO TXT Carts, such as the subject Upgraded Cart, are "Not Just For Golf Anymore…."

56.     Defendant Doug's Corner fashioned the below sticker prior to the purchase of the subject 2006 E-Z-GO TXT Upgraded Cart:



### IV.     CAUSES OF ACTION

### COUNT ONE - DOUG'S CORNER
### (Strict Products Liability- Defective Design)

57.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

58.     Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, suppling and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golfCart at issue in this case.

59.     The Upgraded Cart contained design defects making it unreasonably dangerous to

all actual and potential users, drivers and/or operators of the golf Cart.

60.     Defendant Doug's Corner was or should have been aware that the 2006 E-Z-GO TXT Standard Cart, as designed, manufactured, Upgraded, and sold (hereinafter referred to as the "2006 E-Z-GO TXT Upgraded Cart" or "Upgraded Cart") by Defendant Doug's Corner, was defective and unreasonably dangerous, and that a safer design was feasible and available.

61.     Plaintiff Jason D. Dupchak II was a person who would reasonably be expected to use the subject 2006 E-Z-Go TXT Upgraded Cart.

62.     The Plaintiff's use of the golf Cart at issue was reasonably foreseeable to Defendant Doug's Corner.

63.     Plaintiff had no knowledge of the defective or unreasonably dangerous condition of the Upgraded Cart at any time prior to and including the date of the incident.

64.     At the time the subject E-Z-GO TXT Upgraded Cart left the control of Defendant Doug's Corner, it was in substantially the same condition and was defective in design and unreasonably dangerous to a person who might reasonably be expected to use it. These design defects include, but are not limited to:

a.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that the golf Cart's design allowed the Cart to tip and/or roll over when being used in a Upgraded fashion;

b.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that the golf Cart's design was uncrashworthy. The E-Z-GO was especially uncrashworthy in rollover accidents, such as the one involving Plaintiff Jason Dupchak II.

c.   The E-Z-GO TXT Upgraded Cart's roof and supporting structures were defectively designed and unreasonably dangerous in that there was inadequate protection to occupants from foreseeable crash forces in rollover accidents.

d.   The E-Z-GO TXT Upgraded Cart's occupant compartment was defectively designed and unreasonably dangerous in that it was inadequate to reasonably

13

protect occupants from foreseeable crash forces in rollover accidents.

e.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that it lacked a seatbelt system, doors, webbing and/or any method of containing the occupants, reasonably restraining the occupants and/or protecting occupants when exposed to foreseeable crash forces in rollover accidents. Particularly, the E-Z-GO permitted unreasonable and excessive ejection of occupants in rollover accidents.

f.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that, among other things, it lacked an independent suspension system.

g.    The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that, among other things, as upgraded, it was inadequate in preventing loss of control, handling, stability which would contribute to accidents, such as the subject accident.

h.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that, among other things, it lacked a front wheel braking system.

i.   The E-Z-GO TXT Upgraded Cart's overall design and "packaging" was inadequate to protect occupants during periods of instability, including but not limited to tip overs and/or rollovers.

j.   The E-Z-GO TXT Upgraded Cart's design failed to incorporate other designs and technologies that could prevent loss of control and/or foreseeable accidents. Defendant Doug's Corner was aware of such designs and technologies, including superior designs and technologies used by Defendant Doug's Corner in its other golf Carts and used by other manufacturers of golf Carts.

k.   The design of the E-Z-GO TXT Cart was otherwise defectively designed and unreasonably dangerous in allowing the Cart to tip and/or rollover.

65.   The Upgraded Cart were in substantially the same condition when used as when they left Defendant Doug's Corner's control.

66.   As a direct and proximate result of the unreasonably dangerous design defects created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual

14

activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent in nature.

67.     By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

68.     By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

69.     Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

70.     Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this HonorableCourt deems appropriate.

## COUNT TWO - DOUG'S CORNER
## (Strict Products Liability- Defective Manufacturing)

71.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

72.     Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, supplying and placing into the stream of commerce golf carts and upgrades to golf carts, like the Upgraded Cart.

15

73.     The Upgraded Cart and its contained manufacturing defects making it unreasonably dangerous to all actual and potential users, drivers and/or operators of the Upgraded Cart.

74.     Defendant Doug's Corner was or should have been aware that the 2006 E-Z-GO TXT Upgraded Cart, as designed, manufactured, upgraded and sold by Defendant Doug's Corner was defective and unreasonably dangerous, and that a safer design was feasible and available.

75.     Plaintiff Jason D. Dupchak II was a person who would reasonably be expected to use the Upgraded Cart.

76.     The Plaintiff's use of the Upgraded Cart at issue was reasonably foreseeable to Defendant Doug's Corner.

77.     The Plaintiff had no knowledge of the defective or unreasonably dangerous condition of the Upgraded Cart at any time prior to and including the date of this incident.

78.     At the time the subject E-Z-GO TXT Upgraded Cart left the control of Defendant Doug's Corner, it was in substantially the same condition and was defective in its manufacture and unreasonably dangerous to a person who might reasonably be expected to use it. These manufacturing defects include, but are not limited to:

a.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that the Upgraded Cart's manufacture allowed the Cart to tip and/or rollover;

b.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that the golf Cart's manufacture was uncrashworthy. The Upgraded Cart was especially uncrashworthy in rollover accidents, such as the one involving Plaintiff Jason Dupchak, II.

c.    The E-Z-GO TXT Upgraded Cart's roof and supporting structures were defectively manufactured and unreasonably dangerous in that there was inadequate protection to occupants from foreseeable crash forces in the event of an accident;

    d.    The E-Z-GO TXT Upgraded Cart's occupant compartment was defectively manufactured and unreasonably dangerous in that it was inadequate to reasonably protect occupants from foreseeable crash forces in an accident.

    e.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that it was manufactured without seatbelt system, doors, webbing and/or any method of containing the occupants, reasonably restraining the occupants and/or protecting occupants when exposed to foreseeable crash forces in rollover accidents. Particularly, the E-Z-GO Upgraded Cart permitted unreasonable and excessive ejection of occupants in rollover accidents.

    f.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that, among other things, it lacked an independent suspension system.

    g.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that, among other things, as upgraded, it was inadequate in preventing loss of control, handling, stability which would contribute to accidents, such as the subject accident.

    h.    The E-Z-GO TXT Upgraded Cart was defectively manufactured and unreasonably dangerous in that it was manufactured without a front wheel braking system.

    i.    The E-Z-GO TXT Upgraded Cart's manufacturing and "packaging" was inadequate to protect occupants during periods of instability, including but not limited to tip overs and/or rollovers.

    j.    The E-Z-GO TXT Upgraded Cart's manufacturing failed to incorporate other designs and technologies that could prevent loss of control and/or foreseeable accidents. Defendant Doug's Corner was aware of such manufacturing and technologies, including superior manufacturing and technologies used by Defendant Doug's Corner in its other golf carts and used by other manufacturers of golf Carts.

    k.    The design of the E-Z-GO TXT Upgraded Cart was otherwise defectively manufactured and unreasonably dangerous in allowing the Cart to tip and/or rollover.

79.    The Upgraded Cart was in substantially the same condition when used as when it left Defendant Doug's Corner's control.

80.    As a direct and proximate result of the unreasonably dangerous manufacturing defects created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II

suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent in nature.

81.     By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

82.     By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

83.     Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

84.     Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this HonorableCourt deems appropriate.

<u>**COUNT THREE - DOUG'S CORNER**</u>
<u>**(Strict Products Liability- Failure to Warn)**</u>

85.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

86.     Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting,

repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, supplying, and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golfCart at issue in this case.

87.     At all relevant times, Defendant Doug's Corner had a duty to properly warn consumers of the risks, dangers, and harms presented by the 2006 E-Z-GO TXT Upgraded Cart and its upgrades and reasonable means to reduce such risks, dangers and harms.

88.     Defendant Doug's Corner failure to warn about the defects present in the 2006 E-Z-GO TXT Upgraded Cart created an unreasonable risk of harm to an average user and rendered the product defective and unreasonably dangerous.

89.     Defendant Doug's Corner's failure to warn included but was not limited to the following:

    a.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects that allowed the Cart to tip and/or roll over when being used in a Upgraded fashion;

    b.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects that rendered the Cart uncrashworthy;

    c.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects to the roof structure that provided inadequate protection in foreseeable crash forces in rollover accidents;

    d.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects to the passenger compartment;

    e.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects regarding passenger restraints including, but not limited to the lack of a seatbelt system, lack of doors, lack of webbing and/or any method of containing the occupants and reasonably restraining and/or protecting occupants when exposed to foreseeable crash forces in rollover accidents;

    f.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart contained defects in the Cart's suspension system; and

    g.   Defendant Doug's Corner failed to warn that the E-Z-Go TXT Upgraded Cart

contained defects in its braking system.

90.     Defendant Doug's Corner had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiffs, about the dangers of taking a transportation vehicle, like the subject 2006 E-Z-GO TXT Upgraded Cart, off road with no independent suspension, no seat belts, no roll bars, and a higher center of gravity.

91.     Defendant Doug's Corner failed to adequately and sufficiently warn of the dangers associated with the operation of its Upgraded Cart, rendering it defective and unreasonably dangerous to all actual and potential users, drivers and/or operators of the golf Cart.

92.     The dangers with this Upgraded Cart were reasonably foreseeable to Defendant Doug's Corner and Defendant Doug's Corner had reason to know of its dangerous propensities.

93.     Plaintiff Jason D. Dupchak II was a person who would reasonably be expected to use the subject 2006 E-Z-Go TXT Upgraded Cart.

94.     Plaintiff had no knowledge of the defective or unreasonably dangerous condition of the golf Cart and/or lift kit.

95.     The Upgraded Cart were in substantially the same condition when used as when it left Defendant Doug's Corner's control.

96.     As a direct and proximate result of the unreasonably dangerous defect created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are

permanent, and was otherwise damaged.

97.     By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

98.     By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

99.     Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

100.     Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT FOUR - DOUG'S CORNER
### (Negligent Design)

101.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

102.     Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, suppling and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golf Cart at issue in this case.

103.     At all material times, Defendant Doug's Corner owed a duty of care to the

21

ultimate users of its golf Carts and its upgrades in designing, testing, assembling, inspecting, marketing, selling and/or distributing these products.

104.    The injuries sustained by Plaintiff Jason D. Dupchak II were the direct and proximate result of Defendant Doug's Corner's negligent breach of its duties including but not limited to:

a.    Defendant Doug's Corner negligently designed the E-Z-GO TXT Upgraded Cart at issue in this case;

b.    Defendant Doug's Corner negligently designed and sold an unreasonably dangerous E-Z-GO TXT Upgraded Cart despite the fact that such designs were technologically and economically feasible;

c.    Defendant Doug's Corner negligently failed to discover that the E-Z-GO TXT Upgraded Cart was defective;

d.    Defendant Doug's Corner negligently allowed a defective and/or inherently dangerous E-Z-GO TXT Upgraded Cart to be sold and used by the Plaintiffs;

e.    Defendant Doug's Corner negligently failed to design its E-Z-GO TXT Upgraded Cart so as to avoid problems caused by a lack of handling, stability and control;

f.    Defendant Doug's Corner negligently failed to design its E-Z-GO TXT UpgradedCart so as to prevent passenger ejections;

g.    Defendant Doug's Corner negligently designed its E-Z-GO TXT Upgraded Cart without a seatbelt system, doors, webbing, and/or other supporting structures so as to prevent passenger ejections;

h.    Defendant Doug's Corner negligently designed its E-Z-GO TXT Upgraded Cart without a crashworthy roof;

i.    Defendant Doug's Corner negligently designed its E-Z-GO TXT Upgraded Cart without independent suspension;

j.    Defendant Doug's Corner negligently designed its E-Z-GO TXT Upgraded Cart without front wheel brakes;

k.    Defendant Doug's Corner negligently failed to design its E-Z-GO TXT Upgraded Cart with reasonable research and/or testing as to the dangerous effects of the golf Cart and upgrades;

l.    Defendant Doug's Corner negligently failed to otherwise adequately design and

test E-Z-GO TXT Upgraded Cart before distributing it or selling it;

m.  Defendant Doug's Corner negligently failed to design its E-Z-GO TXT Upgraded Cart with adequate safety features; and

n.  Defendant Doug's Corner otherwise negligently failed to use due care in the design testing, assembling, inspecting, marketing, advertising, labeling, packaging, provision, distribution and/or sale of the E-Z-GO TXT Upgraded Cart.

105.   Defendant Doug's Corner knew or should have known that the Upgraded Cart was defective, unreasonably dangerous and posed a danger to ultimate users, including but not limited to the Plaintiffs.

106.   As a direct and proximate result of the unreasonably dangerous defect created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

107.   By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

108.   By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

109.   Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour, on behalf of Jason D. Dupchak II, demand judgment against Defendant Doug's Corner in an amount sufficient to

establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

110.    Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT FIVE - DOUG'S CORNER
### (Negligent Manufacture)

111.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

112.    Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, suppling and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golf Cart at issue in this case.

113.    At all material times, Defendant Doug's Corner owed a duty of care to the ultimate users of its golf Carts and its upgrades in manufacturing, testing, assembling, inspecting, marketing, selling and/or distributing these products.

114.    The injuries sustained by Plaintiff Jason D. Dupchak II were the direct and proximate result of Defendant Doug's Corner's negligent breach of its duties, including but not limited to:

    a.   Defendant Doug's Corner negligently manufactured the E-Z-GO TXT Upgraded Cart at issue in this case;

    b.   Defendant Doug's Corner negligently manufactured and sold an unreasonably dangerous E-Z-GO TXT Upgraded Cart;

    c.    Defendant Doug's Corner negligently failed to discover that the E-Z-GO TXT Upgraded Cart was defective;

    d.    Defendant Doug's Corner negligently allowed a defective and/or inherently dangerous E-Z-GO TXT Upgraded Cart to be used;

    e.    Defendant Doug's Corner negligently failed to manufacture its E-Z-GO TXT Upgraded Cart so as to prevent roll overs;

    f.    Defendant Doug's Corner negligently failed to manufacture its E-Z-GO TXT Upgraded Cart so as to prevent passenger ejections;

    g.    Defendant Doug's Corner negligently manufactured its E-Z-GO TXT Upgraded Cart without a seatbelt system, doors, webbing, and/or other supporting structures so as to prevent passenger ejections;

    h.    Defendant Doug's Corner negligently manufactured its E-Z-GO TXT Upgraded Cart without crashworthy roof;

    i.    Defendant Doug's Corner negligently manufactured its E-Z-GO TXT Upgraded Cart without independent suspension;

    j.    Defendant Doug's Corner negligently manufactured its E-Z-GO TXT Upgraded Cart without front wheel brakes;

    k.    Defendant Doug's Corner negligently failed to manufacture its E-Z-GO TXT Upgraded Cart with reasonable research and/or testing as to the dangerous effects of the golf Cart and/or lift kit;

    l.    Defendant Doug's Corner negligently failed to otherwise adequately manufacture and test E-Z-GO TXT Upgraded Cart before distributing it or selling it;

    m.    Defendant Doug's Corner negligently failed to manufacture its E-Z-GO TXT Upgraded Cart with adequate safety features; and

    n.    Defendant Doug's Corner otherwise negligently failed to use due care in the manufacture, testing, assembling, inspecting, marketing, advertising, labeling, packaging, provision, distribution and/or sale of the E-Z-GO TXT Upgraded Cart.

115.    Defendant Doug's Corner knew of should have known that the golf Cart and its upgraded features were defective, unreasonably dangerous and posed a danger to ultimate users, including but not limited to Plaintiffs.

116.    As a direct and proximate result of the unreasonably dangerous defect created and

allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

117.    By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

118.    By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

119.    Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

120.    Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT SIX - DOUG'S CORNER
### Negligent Failure to Warn

121.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

122.    Defendant Doug's Corner was engaged in the business of designing, engineering,

26

developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, suppling and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golf Cart at issue in this case.

123.   At all relevant times, Defendant Doug's Corner had a duty to properly warn consumers of the risks, dangers, and harms presented by the 2006 E-Z-GO TXT Upgraded Cart and its upgrades and reasonable means to reduce such risks, dangers and harms.

124.   The injuries sustained by Plaintiff Jason D. Dupchak II were the direct and proximate result of Defendant Doug's Corner's negligent breach of its duties, including but not limited to:

    a.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects that caused the cart to have significant problems with handling, stability and control which led to accidents such as the subject accident.

    b.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects that rendered the Cart uncrashworthy;

    c.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects to the roof structure that provided inadequate protection in foreseeable crash forces in rollover accidents;

    d.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects to the passenger compartment;

    e.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects regarding passenger restraints including, but not limited to the lack of a seatbelt system, lack of doors, lack of webbing and/or any method of containing the occupants and reasonably restraining and/or protecting occupants when exposed to foreseeable crash forces in rollover accidents;

    f.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects in the Cart's suspension system; and

    g.   Defendant Doug's Corner negligently failed to warn that the E-Z-Go TXT Upgraded Cart contained defects in its braking system.

125.    Defendant Doug's Corner had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiffs, about the dangers of taking a transportation vehicle, like the subject 2006 E-Z-GO TXT Upgraded Cart, off road with no independent suspension, no seat belts, no roll bars, and a higher center of gravity.

126.    As a direct and proximate result of the unreasonably dangerous defect created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

127.    By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

128.    By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

129.    Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

130.    Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT SEVEN - DOUG'S CORNER
### (Breach of Implied Warranty of Merchantability)

131.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

132.     At all times relevant, the golf Cart and its upgraded features were defective, unreasonably dangerous and unfit for the ordinary purpose for which they were to be used.

133.     The golf Cart and its upgraded features were defective, unreasonably dangerous and unfit for the ordinary purpose for which it was to be used at the time it left the control of Defendant Doug's Corner.

134.     Defendant Doug's Corner breached the implied warranty of merchantability in the manufacture, design, assembly, testing, inspection, sale and distribution of the golf Cart and its upgraded features.

135.     As a direct and proximate result of the unreasonably dangerous defect created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

136.     By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

137.    By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

138.    Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

139.    Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT EIGHT - DOUG'S CORNER
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

140.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

141.    Defendant Doug's Corner had reason to know that the golf Cart and its upgraded features at issue in this case were to be used for the purpose of transportation on a variety of surfaces and terrain.

142.    Defendant Doug's Corner had reason to know that users of the golf Cart and its upgraded features were relying on Doug's Corner's skill and judgment to manufacture, fabricate, design, assemble, test, inspect, sell and distribute a safe and properly functioning golf Cart.

143.    Defendant Doug's Corner breached the implied warranty of fitness for a particular purpose in the manufacture, assembly, testing, inspection, Upgrade, sale and distribution of said the golf Cart and its upgraded features.

144.    As a direct and proximate result of the unreasonably dangerous defect created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered permanent

injuries to his body, endured pain and suffering and will in the future endure pain and suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

145.    By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

146.    By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

147.    Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

148.    Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT NINE - DOUG'S CORNER
### (Common Law Negligence)

149.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

150.    Defendant Doug's Corner was engaged in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting,

repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, suppling and placing into the stream of commerce golf Carts and upgrades to golf Carts, like the subject golf Cart at issue in this case.

151.    The Upgraded Cart contained design defects making it unreasonably dangerous to all actual and potential users, drivers and/or operators of the golf Cart.

152.    Defendant Doug's Corner was or should have been aware that the 2006 E-Z-GO TXT Upgraded Cart, as designed, Upgraded, manufactured, and sold by Defendant Doug's Corner, was defective and unreasonably dangerous, and that a safer design was feasible and available.

153.    Plaintiff Jason D. Dupchak II was a person who would reasonably be expected to use the subject 2006 E-Z-Go TXT Upgraded Cart.

154.    The Plaintiff's use of the golf Cart at issue was reasonably foreseeable to Defendant Doug's Corner.

155.    Plaintiff had no knowledge of the defective or unreasonably dangerous condition of the Upgraded Cart at any time prior to and including the date of the incident.

156.    At the time the subject E-Z-GO TXT Upgraded Cart left the control of Defendant Doug's Corner, it was in substantially the same condition and was defective in design and unreasonably dangerous to a person who might reasonably be expected to use it. These design defects include, but are not limited to:

      a.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that the golf Cart's design which led to significant with problems with handling, stability and control which led to accidents similar to the subject accident.

      b.   The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that the golf Cart's design was uncrashworthy. The E-Z-GO was

32

especially uncrashworthy in rollover accidents, such as the one involving Plaintiff Jason Dupchak, II.

c. The E-Z-GO TXT Upgraded Cart's roof and supporting structures were defectively designed and unreasonably dangerous in that there was inadequate protection to occupants from foreseeable crash forces in rollover accidents.

d. The E-Z-GO TXT Upgraded Cart's occupant compartment was defectively designed and unreasonably dangerous in that it was inadequate to reasonably protect occupants from foreseeable crash forces in rollover accidents.

e. The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that it lacked a seatbelt system, doors, webbing and/or any method of containing the occupants, reasonably restraining the occupants and/or protecting occupants when exposed to foreseeable crash forces in rollover accidents. Particularly, the E-Z-GO permitted unreasonable and excessive ejection of occupants in rollover accidents.

f. The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that it lacked independent suspension and was inadequate in preventing loss of control, handling, stability and/or foreseeable rollover accidents, such as the subject accident.

g. The E-Z-GO TXT Upgraded Cart was defectively designed and unreasonably dangerous in that it lacked a front wheel braking system.

h. The E-Z-GO TXT Upgraded Cart's overall design and "packaging" was inadequate to protect occupants during periods of instability, including but not limited to tip overs and/or rollovers.

i. The E-Z-GO TXT Upgraded Cart's design failed to incorporate other designs and technologies that could prevent loss of control and/or foreseeable rollover accidents. Defendant Doug's Corner was aware of such designs and technologies, including superior designs and technologies used by Defendant Doug's Corner in its other golf Carts and used by other manufacturers of golf Carts.

j. The design of the E-Z-GO TXT Cart was otherwise defectively designed and unreasonably dangerous in allowing the Cart to tip and/or rollover.

157.   The Upgraded Cart were in substantially the same condition when used as when they left Defendant Doug's Corner's control.

158.   As a direct and proximate result of the unreasonably dangerous design defects created and allowed to exist by Defendant Doug's Corner, Plaintiff Jason D. Dupchak II suffered

33

permanent injuries to his body, endured pain and suffering and will in the future endure pain and

159.     suffering, has required medical treatment and surgeries and will in the future require further medical treatment and surgeries, has been and will in the future be unable to perform his usual activities, has suffered loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and was otherwise damaged.

160.     By reason of the foregoing Plaintiff Jason D. Dupchak II has incurred and will continue to incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalizations, therapy, equipment, devices and the life for his care, well-being and development.

161.     By reason of the foregoing, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour has suffered loss of services and past medical expenses for her son, Jason D. Dupchak II.

162.     Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

163.     Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to establish the jurisdiction of the Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT TEN - DOUG'S CORNER
### (Punitive Damages)

164.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

165.     Defendant Doug's Corner acted in a willful and reckless manner ultimately causing Plaintiff's serious and permanent injuries.

34

166.     Wherefore, Plaintiff Jason D. Dupchak II, demands judgment against Defendant Doug's Corner in an amount sufficient to punish Defendant Doug's Corner and deter it, and others similarly situated, from engaging in such willful and reckless conduct in the future.

167.     Wherefore, Plaintiff Kerri Coppock f/k/a Kerri Lynn Harbour demands judgment against Defendant Doug's Corner in an amount sufficient to punish Defendant Doug's Corner and deter it, and others similarly situated, from engaging in such willful and reckless conduct in the future.

## V.     PRAYER FOR DAMAGES

168.     Plaintiffs hereby demand judgment against Defendant for whatever amount they may be entitled, including punitive damages if deemed applicable, together with costs of this action. The jurisdictional amount requested exceeds seventy-five thousand dollars, excluding costs of court.

## VI.     DEMAND FOR JURY TRIAL

169.     Plaintiffs hereby demand trial by jury in the above action as to all issues.

Plaintiffs,

By their attorneys,

By: */s/ Gregory H. Bevel*
Gregory H. Bevel (TX Bar #02275800)
Wesley H. M. Gould (TX Bar #24095214)
ROCHELLE MCCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
(214) 953-0182 Telephone
(214) 953-0185 Facsimile
greg.bevel@romclaw.com
wgould@romclaw.com

/s/ B. Chase Mangiapane
B. Chase Mangiapane, Esq. (AR Bar #
2012139)
Proposed Pro Hac Vice Counsel
The Law Offices of Peter Miller, P.A.
1601 South Broadway Street
Little Rock, AR 72206
Phone: (501) 374-6300
Fax: (501) 374-1244
cmangiapane@petermillerlaw.com

By: */s/ Paul Byrd*
Paul Byrd, Esq. (AR Bar # 85020)
Patrick Kirby, Esq. (TX Bar # 00798006)
(AR Bar # 88125)
Proposed Pro Hac Vice Counsel
PAUL BYRD LAW FIRM, PLLC
415 North McKinley, Suite 210
Little Rock, AR 72205
Phone: (501) 420 3050
Fax: (501) 420 3128
Paul@PaulByrdLawFirm.com
Joseph@PaulByrdLawFirm.com

Dated: March 26, 2021